UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| *MICHA L. RICH*, | : | CASE NO. *22-52126* |
| | : | CHAPTER *13* |
| Debtor(s). | : | JUDGE *JWC* |
| | : | |
| *MICHA L. RICH, et al.* | : | |
| Movant(s), | : | |
| vs. | : | |
| *GEORGIA, et al.* | : | |
| Respondent(s). | : | |

**NOTICE OF MOTION TO APPROVE SETTLEMENT AGREEMENT,**

**DEADLINE TO OBJECT AND HEARING**

*MICHA L. RICH* has filed a *MOTION TO APPROVE SETTLEMENT AGREEMENT* on *May 5, 2023*. Pursuant to Second Amended and Restated General Order No. 24-2018, the Court may consider this matter without further notice or a hearing if no party in interest files a response or objection within *twenty-one (21) days,* from the date of service of this notice. **If you object to the relief requested in this pleading, you must timely file your objection with the Bankruptcy Clerk** at *Richard B. Russell Federal Building, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303*, and serve a copy on the movant's attorney, *Seth J. Meyerson, Meyerson Law, 820 Ebenezer Church Road, Ste. 105, Sharpsburg, GA, 30277*, and any other appropriate persons by the objection deadline. The response or objection must explain your position and be actually received by the Bankruptcy Clerk within the required time.

1

A hearing on the pleading has been scheduled for *June 6, 2023*.  The Court will hold a hearing on the **MOTION TO APPROVE SETTLEMENT AGREEMENT** at **10:20 A. M.** on **June 6, 2023, in Courtroom 1203, U.S. Courthouse, 75 Ted Turner Drive, SW Atlanta, GA**, which may be attended in person or via the Court's Virtual Hearing Room.  You may join the Virtual Hearing Room through the "Dial-in and Virtual Bankruptcy Hearing Information" link at the top of the homepage of the Court's website, www.ganb.uscourts.gov, or the link on the judge's webpage, which can also be found on the Court's website. Please also review the "Hearing Information" tab on the judge's webpage for further information about the hearing.  You should be prepared to appear at the hearing via video, but you may leave your camera in the off position until the Court instructs otherwise.  Unrepresented persons who do not have video capability may use the telephone dial-in information on the judge's webpage.

If an objection or response is timely filed and served, the hearing will proceed as scheduled. **If you do not file a response or objection within the time permitted, the Court may grant the relief requested without further notice and without holding the scheduled hearing** provided that an order approving the relief requested is entered at least one business day prior to the scheduled hearing. If no objection is timely filed, but no order is entered granting the relief requested at least one business day prior to the scheduled hearing, the hearing will be held as scheduled.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

Dated: *May 5, 2023.*　　　　　　　　　　　　　　/s/ Seth J. Meyerson

**Seth J. Meyerson,
Meyerson Law
Georgia Bar No. 583918
820 Ebenezer Church Road, Ste. 105
Sharpsburg, GA 30277
678.892.5910
Attorney for Movant**

2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DISTRICT**

| | | |
|---|---|---|
| IN RE: | { { { | CHAPTER 13 |
| Micha L Rich<br>Debtor | { { { { | CASE NO. 22-52126-jwc |

**MOTION TO APPROVE SETTLEMENT AGREEMENT**

COMES NOW Debtor, pursuant to Bankruptcy Rule 9019, and respectfully requests Approval of Settlement Agreement ("Agreement").

1.

Debtor filed for Chapter 13 Bankruptcy relief on March 17, 2022.

2.

On July 27, 2022, Debtor filed an application to employ the law firm of Bondurant Mixson & Elmore LLP ("Special Counsel") for representation in adversarial matters relating to an EEOC claim (the "Matter"). On August 17, 2022, an Order was issued granting the use of Special Counsel.

3.

The professional services that said Special Counsel were to render included, but were not limited to:

    a)    Providing Debtor with legal services regarding Debtor's claims;

    b)    Preparing and prosecuting on Debtor's behalf the necessary applications, pleadings, discovery, answers, orders and other legal papers required in the matter; and

    c) Performing all other legal services for Debtor which may be reasonably necessary to pursue the claim(s).

4.

Recently, Special Counsel negotiated a Settlement Agreement with the Defendants on behalf of the Debtor as well as several other Plaintiffs. Please see Exhibit "A".

5.

Because this case includes multiple plaintiffs, it is important that the Debtor has approval before all plaintiffs can receive their portion of the Agreement.

**WHEREFORE**, Debtor prays the Agreement be approved as stated.

Dated: May 5, 2023

Respectfully submitted by:

/s/ Seth J. Meyerson
**MEYERSON LAW**
Attorney for the Debtor
Georgia Bar No. 583918

820 Ebenezer Church Rd.
Suite 105
Sharpsburg, GA, 30277
T: (678) 892-5910
E: smeyerson@meyerson-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of May 2023, I electronically filed the forgoing **Motion to Approve Settlement Agreement** with the Clerk of Court using CM/ECF system which will automatically send an e-mail notification of such filing to the parties or attorneys or record. I have also on this day caused a copy of the pleading to be placed in the first-class United States mail, postage prepaid, addressed to the following recipients and the attached matrix not participating in the CM/ECF system as follows:

Micha L Rich
951 Alloway Place SE
Atlanta, GA 30334

Nancy J. Whaley, Standing Ch. 13 Trustee
Suite 120, Truist Plaza Garden Offices
303 Peachtree Center Avenue
Atlanta, GA 30303
-*electronic service*-

U.S. Trustee
362 Richard B. Russell Building
75 Ted Turner Dr., SW
Atlanta, GA 30303

Amanda Seals, Partner,
Bondurant Mixson & Elmore LLP
1201 West Peachtree Street, NW, Ste. 3900
Atlanta, GA 30309

See Matrix Attached

Date: May 5, 2023,                                              Respectfully submitted by:

/s/ Seth J. Meyerson
**MEYERSON LAW**
Attorney for the Debtor
Georgia Bar No. 583918
820 Ebenezer Church Rd.
Suite 105
Sharpsburg, GA, 30277
T: (678) 892-5910
E: smeyerson@meyerson-law.com

Exhibit "A"

# SETTLEMENT AGREEMENT
# AND FULL AND FINAL RELEASE OF ALL CLAIMS

1.

This document sets forth the terms and conditions of the Settlement Agreement and Full and Final Release of All Claims (hereinafter "Agreement") by and between Micha Rich, ▮▮▮▮▮ ▮▮▮▮▮ (collectively "Plaintiffs") and ▮▮▮▮▮ ▮▮▮▮▮

---

1 ▮▮▮▮▮

(collectively "the Defendants"). Plaintiffs and Defendants shall be known herein as "the Parties." The Defendants as identified above, have authorized for purposes of executing this Agreement, ███████████████████████████, as their agent for signature of the Agreement.[2] Likewise, Plaintiffs, as identified above, have authorized their counsel, Amanda Kay Seals, as their agent for signature to execute this Agreement.

2.

FOR AND IN CONSIDERATION of the agreements set forth herein below, the receipt and sufficiency of which are hereby acknowledged, Plaintiffs, for themselves, their attorneys, their heirs, their executors, administrators, successors and assigns, do hereby fully, finally and forever release and discharge the ███ ███, Defendants, and all of their agents and/or officials and employees, administrators, or former officials and employees, from all claims, demands, actions, causes of action, suits, damages, losses and expenses of any and every nature and



2

description whatsoever up to the present time, whether known or unknown, foreseen or unforeseen, and including, but not limited to, all potential claims asserted or which might have been asserted by or on behalf of Plaintiffs against the ███████, Defendants, and all of their agents and/or officials and employees, administrators, or former officials and employees as a result of their employment with Defendants, or receipt of health benefits from the ███████████, including but not limited to, their lawsuit as referenced in the case of *Micha Rich, et al. v.* ████ ████████ Civil Action File No. ████████, in the Northern District of Georgia, Atlanta Division (hereinafter "the Lawsuit").

3.

This Agreement is a full and final release of all potential claims and it specifically includes, but not by way of limitation, all claims asserted by or on behalf of Plaintiffs against the ██████████, the Defendants, and all of their agents, officials, employees and/or former employees, together with any and all claims which might have been asserted by or on behalf of Plaintiffs in any suit, claim, or grievance for or on account of any matter or things whatsoever through and including the date of this Agreement. This Agreement includes, but not by way of limitation, any claims, suits, causes of action or grievances Plaintiffs may possess against the ██████████, the Defendants, and all of their agents and/or officials and employees, administrators, or former officials and employees arising under ██████

3



and ▮▮▮▮▮; the United States and State of Georgia Constitutions; as well as any other of the several state and federal statutes relating to claims, suits, causes of action or grievances for ▮▮▮▮▮ ▮▮▮▮▮, or any other potential theory of recovery.

4.

Plaintiffs represent and warrant that no one other than themselves are entitled to assert any claims of any kind or character based on or arising out of and alleged to have been suffered by them as a consequence of his or her ▮▮▮▮ and/or relationship to date with Defendants.

5.

The terms and conditions set out herein are in compromise and settlement of disputed claims, the validity, existence or occurrence of which is expressly denied by Defendants. This Agreement shall not be construed as an admission by any party of any liability or wrongdoing.

6.

As consideration for the mutual promises, covenants and agreements contained herein, Defendants ▮▮▮▮▮ ▮▮▮▮▮ shall pay to Plaintiffs the total amount of THREE-HUNDRED SIXTY-FIVE THOUSAND DOLLARS ($365,000.00) ("the Settlement Amount")

4

within thirty (30) days of the execution by the parties or the parties' designated agent(s) for signature of this Agreement and its approval by the Bankruptcy Court for the Middle District of Georgia. The Settlement Amount is to be paid in a lump sum via check made payable to Plaintiffs' counsel, Bondurant, Mixson, & Elmore, LLP, and sent via overnight delivery to the following address: 1201 W. Peachtree Street NW, Suite 3900, Atlanta, Georgia 30309. The Settlement Amount represents the total amount to be paid by Defendants for any and all claimed damages, costs and attorneys' fees.[3]

7.

For the amounts specified in Paragraph 6 above, Defendants and/or ▮ will issue IRS Form 1099s to each of Plaintiffs' counsel and to each Plaintiff. Defendants shall have no responsibility to pay taxes due on the Settlement Amount, if any. Plaintiffs agree to defend, indemnify, and hold Defendants and ▮ harmless from and against any and all third-party claims, together with any interest, penalties, fines or sanctions, or other remedies assessed or imposed against Defendants and ▮ that arise out of or are related to Plaintiffs' failure to pay any taxes applicable to the settlement proceeds.

8.

---

[3] Of the Settlement Amount, SEVENTY THOUSAND DOLLARS ($70,000.00) is the total amount to be paid by to Mr. Rich for any and all claimed damages as to him.

5

As further consideration of the mutual promises, covenants, and agreements referred to herein, Plaintiffs agree to provide counsel for Defendants with fully executed W-9s and payee information for each Plaintiff and counsel for Plaintiffs within five (5) days of this Agreement being finalized.

9.

As further consideration of the mutual promises, covenants, and agreements referred to herein, Defendants ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ agree to:





10.

Defendants ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬ agree to provide Plaintiffs' counsel with confirmation that the terms set forth in paragraph 9(a)-(d) of this Agreement have been fulfilled within five (5) days of the finalization of this Agreement.

11.

Plaintiffs agree that within five (5) business days of receipt of the payments specified in paragraph 6 and receipt of confirmation that the terms specified in paragraph 9 of this Agreement have been met, Plaintiffs will file a dismissal of their Lawsuit with prejudice.

12.

The terms of which are acknowledged and incorporated by reference by the parties, Plaintiffs affirm that the only consideration for signing this Agreement are the terms stated above; moreover, that no other promise or agreement of any kind has been made to or with them by any persons or entity to cause them to execute this Agreement, and that they fully understand the meaning and intent of this Agreement, including but not limited to its final and binding effect.

---

4 ▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬▬

13.

This Agreement supersedes all prior written and oral understandings, promises, and agreements between the Plaintiffs and Defendants and may not be altered, amended, or modified in any respect, except in writing, duly executed by all the Parties.

14.

All agreements and understandings embodied and expressed in the terms of this Agreement are contractual and are not mere recitals and this Agreement is made and entered into in the State of Georgia, and shall in all respects be interpreted, enforced, and governed under the laws of said State.  The language of all parts of this Agreement shall in all cases be construed as a whole, according to its fair meaning, and not strictly for or against any of the Parties.

15.

Should any provision of this Agreement be declared or be determined by any court to be illegal or invalid, the validity of the remaining parts, terms or provisions shall not be affected thereby and said illegal or invalid part, term or provision shall be deemed not to be part of this Agreement.

16.

This Agreement may be executed in multiple counterparts and all counterparts shall constitute one agreement binding on each of the Parties hereto, regardless of

whether each party hereto is a signatory to the same counterpart. Electronic, fax or scanned signatures in lieu of original signatures are acceptable. This Agreement shall become effective upon the date of the last signature affixed below.

17.

THE UNDERSIGNED FURTHER STATE THAT THEY HAVE CAREFULLY READ THE WITHIN AND FOREGOING SETTLEMENT AGREEMENT AND FULL AND FINAL RELEASE OF ALL CLAIMS AND KNOW AND UNDERSTAND THE CONTENTS THEREOF AND THAT THEY EXECUTED THE SAME OF THEIR OWN FREE ACT AND DEED.

IN WITNESS thereof, the undersigned have hereunto set their hands and seal.



9

| | | |
|---|---|---|
| Label Matrix for local noticing<br>113E-1<br>Case 22-52126-jwc<br>Northern District of Georgia<br>Atlanta<br>Fri May  5 08:35:46 EDT 2023 | Amanda Seals, Esq.<br>Bondurant Mixson & Elmore, LLP<br>1201 W Peachtree St NW<br>Suite 3900<br>Atlanta, GA 30309-3417 | American Express National Bank<br>c/o Becket and Lee LLP<br>PO Box 3001<br>Malvern  PA 19355-0701 |
| Amex<br>Correspondence/Bankruptcy<br>Po Box 981540<br>El Paso, TX 79998-1540 | Bank of America<br>Attn: Bankruptcy<br>4909 Savarese Circle<br>Tampa, FL 33634-2413 | Bank of America, N.A.<br>PO Box 673033<br>Dallas, TX 75267-3033 |
| Bewell<br>820 South Main St<br>Saint Charles, MO 63301-3306 | (p)JPMORGAN CHASE BANK  N A<br>BANKRUPTCY MAIL INTAKE TEAM<br>700 KANSAS LANE FLOOR 01<br>MONROE LA 71203-4774 | Citibank/The Home Depot<br>Citicorp Credit Srvs/Centralized Bk dept<br>Po Box 790034<br>St Louis, MO 63179-0034 |
| (p)GEORGIA DEPARTMENT OF REVENUE<br>COMPLIANCE DIVISION<br>ARCS BANKRUPTCY<br>1800 CENTURY BLVD NE SUITE 9100<br>ATLANTA GA 30345-3202 | Hyundai Capital America DBA Hyundai Motor Fi<br>P.O. Box 20809<br>Fountain Valley, CA 92728-0809 | Hyundai Motor Finance<br>Attn: Bankruptcy<br>Po Box 20829<br>Fountain Valley, CA 92728-0829 |
| JPMorgan Chase Bank, N.A.<br>s/b/m/t Chase Bank USA, N.A.<br>c/o Robertson, Anschutz & Schneid, P.L.<br>6409 Congress Avenue, Suite 100<br>Boca Raton, FL 33487-2853 | Seth J. Meyerson<br>Meyerson Law, LLC<br>Suite 105<br>820 Ebenezer Church Road<br>Sharpsburg, GA 30277-2073 | (p)MOHELA<br>CLAIMS DEPARTMENT<br>633 SPIRIT DRIVE<br>CHESTERFIELD MO 63005-1243 |
| (p)PORTFOLIO RECOVERY ASSOCIATES LLC<br>PO BOX 41067<br>NORFOLK VA 23541-1067 | Micha L Rich<br>951 Alloway Place SE<br>Atlanta, GA 30316-2524 | Synchrony Bank/Lowes<br>Attn:  Bankruptcy<br>Po Box 965060<br>Orlando, FL 32896-5060 |
| UNITED STATES DEPARTMENT OF EDUCATION<br>CLAIMS FILING UNIT<br>PO BOX 8973<br>MADISON, WI 53708-8973 | USDOE/GLELSI<br>Attn: Bankruptcy<br>Po Box 7860<br>Madison, WI 53707-7860 | Nancy J. Whaley<br>Nancy J. Whaley, Standing Ch. 13 Trustee<br>Suite 120, Truist Plaza Garden Offices<br>303 Peachtree Center Avenue<br>Atlanta, GA 30303-1216 |

                  The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
                  by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

| | | |
|---|---|---|
| Chase Card Services<br>Attn: Bankruptcy<br>P.O. 15298<br>Wilmington, DE 19850 | Georgia Department of Revenue<br>Bankruptcy Section<br>1800 Century Blvd NE Ste 9100<br>Atlanta, GA 30345 | (d)Georgia Department of Revenue<br>Processing Center<br>P. O. Box 740323<br>Atlanta, GA 30374 |
| Mohela/SoFi<br>633 Spirit Drive<br>Chesterfield MO 63005 | (d)Mohela/laurel Road Ban<br>Attn: Bankruptcy<br>633 Spirit Dr<br>Chesterfield, MO 63005 | Portfolio Recovery Associates, LLC<br>POB 41067<br>Norfolk VA 23541 |

**End of Label Matrix**
Mailable recipients    20
Bypassed recipients     0
Total                  20